## Mary A. Kane v. City of Joliet.

1.   VARIANCE—*Between Allegations and Proof.*—A declaration which confines plaintiff's cause of action to injuries received from falling into an excavation is not supported by evidence that the improvement had been completed and that plaintiff had fallen down a flight of steps in the sidewalk.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge presiding.   Heard in this court at the April term, 1902.   Affirmed.   Opinion filed July 18, 1902.

J. W. DOWNEY, attorney for appellant.

LOUIS LAGGER, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Mrs. Mary A. Kane sued the city of Joliet for personal injuries claimed to have been received by her by falling in an excavation in a sidewalk on the east side of Chicago street in said city, not less than five nor more than fifty feet north of the north line of Marion street.   Both by the declaration and the bill of particulars, plaintiff's cause of

action was confined to falling into an excavation at that place. She recovered a verdict of one dollar. Judgment was entered in her favor on the verdict and she appealed.

In order to reverse we must be able to say that a verdict for plaintiff was warranted and that it should have been for substantial damages.

At the point in question, in front of the corner lot owned by Mrs. Bean, the said walk was cut down to a new grade, about twenty-five or twenty-seven inches below the old grade, and a new walk was put in and steps leading down from the higher to the lower level were put in the width of the walk. In the bottom of this excavation cinders were placed and then a stone walk on the cinders.

Plaintiff's theory is, that she was passing south on that side of the street, in the evening, with the street insufficiently lighted, and that there was no barrier where this excavation had been cut down. Defendant's proof is that a barrier was erected there each night while the improvement was going on and until the steps were put in and the walk laid, which was only three or four days; that this barrier was four feet high, and Mrs. Kane came there after the work was completed, and, not noticing the steps and the cut, simply walked ahead as if the sidewalk were on the level, and thus fell. We think the preponderance of the credible testimony supports defendant's claim. At any rate we can not say plaintiff's claim is supported by a preponderance of the proof. The only eye witness of the fall says the walk was finished and the steps there when the plaintiff fell. If she fell after the improvement was completed, then she did not fall into an excavation and can not recover under this declaration and bill of particulars. The only serious injury plaintiff has, according to her physicians, is a rupture in the groin. The preponderance of the credible testimony is that this rupture was not caused by this fall but was received at a later date. At any rate we can not say that the evidence so preponderates in favor of the plaintiff on that subject that the jury ought to have awarded substantial damages. The judgment of the court below is affirmed.